UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                                **Hon. Hugh B. Scott**

         v.

                                                10CR360A(JJM)

                                                    **Report**
RICO VENDETTI,                                       **&**
DAYON SHAVER, et al.,                       **Recommendation**

                       Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 268) for consideration of one portion of the motion by defendant Dayon Shaver to suppress the fruits of a November 2, 2010, search of the upper apartment at 1160 North Goodman Street, Rochester, New York (Docket No. 130, Def. Atty. Affirm. ¶¶ 25-41). Other relief sought in his omnibus motion (as well as motions by codefendants joining in this relief) remain for consideration by Magistrate Judge Jeremiah McCarthy.

The Government filed an omnibus response to this and codefendants' motions (Docket No. 138). On June 27, 2012, oral argument was held on this motion before Magistrate Judge McCarthy. Shaver's counsel insisted that another Magistrate Judge consider this motion because Magistrate Judge McCarthy issued the search warrant at issue in this motion (Docket No. 263). Following referral of this particular motion to the undersigned (Docket No. 268), further argument was held on August 21, 2012, and this Court reserved decision (text minute entry, Aug. 21, 2012).

**BACKGROUND**

Shaver is charged with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371(f), in a Second Superseding Indictment (Docket No. 208). Count 5 of that Indictment alleges a conspiracy to transport stolen merchandise in interstate and foreign commerce, in violation of 18 U.S.C. § 2314, involving Shaver and others. Shaver allegedly conspired with the other defendants to transport stolen goods from Target, JoAnn Fabrics, Wal-Mart and other stores (id., Count 5). While others allegedly stole the items, Shaver allegedly purchased the stolen goods and "took steps to offer the merchandise for sale" using multiple eBay accounts (id., Count 5, D., E. 5.), selling to persons in other states and packaging the merchandise for shipping (id., Count 5, E. 6.).

On October 27, 2010, Magistrate Judge McCarthy issued a search warrant to search 1160 North Goodman Street, Rochester, New York, which was executed by the Federal Bureau of Investigation on November 2, 2010 (Docket No. 130, Def. Atty. Affirm. ¶ 25). 1160 North Goodman Street is a building owned by codefendant Rico Vendetti containing a business (Al's Green Tavern) and an apartment owned by Vendetti (id. ¶¶ 26-27) but the apartment was shared by Shaver (id. ¶ 28). Among the items seized pursuant to that warrant were two desktop computers and one laptop computer which contained information about an eBay account in the Shaver's name (id. ¶ 30).

Shaver contends the basis for the search of the upper apartment of 1160 North Goodman was a declaration of a confidential informant, who stated that the informant observed alleged associates of Vendetti enter the business on the first floor (id. ¶¶ 32-33). She argues that the rest of the warrant application "relies upon the declarations of various alcoholics, crack addicts, state

parolees, state prison inmates and petty thieves to establish the probable cause to inter alia search the upper apartment at 1160 North Goodman Street . . . ," (id. ¶ 35) and the information from codefendant Arlene Combs (id. ¶ 36). Shaver concludes that this is insufficient to establish probable cause (id. ¶ 37). Absent corroboration, Shaver argues that there was no information to verify the informants' statements (id. ¶¶ 40, 39).

The Government concedes that Shaver has standing to contest this warrant to search the upper apartment but she fails to allege standing to contest the search of the rest of the premises (Docket No. 138, Gov't Response at 45). Resting upon the good faith execution of a facially valid search warrant, see United States v. Leon, 468 U.S. 897 (1984), the Government argues that suppression is not required even if the credibility of the informants is suspect (id.), see also United States v. Clark, 638 F.3d 89 (2d Cir. 2011) (despite defect in warrant, good faith exception applies to deny suppression).

Shaver moved (among other relief sought) to suppress (Docket No. 130) and noticed that this motion continued with the Second Superseded Indictment (Docket No. 230; see also Docket No. 208, 2d Superseding Indict.).

## DISCUSSION

Shaver contends that there was no probable cause to search the upper apartment of 1160 North Goodman Street (Docket No. 130, Def. Atty. Affirm. ¶ 37). She argues that the tips of criminal informants deserve special scrutiny because of concerns of informants concocting stories for their personal benefit (id. ¶ 38).

The Government argues that, despite whatever defects in the warrant, Leon good faith should preclude suppression (Docket No. 138, Gov't Response at 45-46).

3

I.  Standing

As for standing, neither party stated where the two desktop computers and one laptop computer with the eBay account information was found.  If they were located in the upper apartment, Shaver would have standing to contest the search.  But codefendant Combs stated to an FBI agent that Vendetti's <u>upstairs office</u> had at least two computers (Docket No. 130, Def. Atty. Affirm., Ex. A, Aff. of special agent Michael McElhenny ¶¶ 23, 26), and not the apartment shared by Shaver.  Agent McElhenny in his application affidavit later states that the upper apartment was a hub "albeit a lesser hub" of Vendetti's criminal activities (<u>id.</u> ¶ 38), whereas Vendetti's office was the main hub (<u>id.</u> ¶39).  The focus of the search regarding the computer would be in the office, where Shaver has not established any standing.  Thus, it is not clear Shaver has standing to challenge the search warrant if the incriminating material was found in computers in Vendetti's office and not in their apartment.  On this basis, Shaver's motion to suppress materials found other than in her upper apartment should be **denied**.

Since the record is not clear where these computers (particularly the laptop computer) were located (Vendetti's office or the apartment), this Court next considers Shaver's motion pertaining to the probable cause determination for issuance of the warrant or good faith reliance upon its validity by the agents.

II.  Probable Cause

In order to issue a search warrant, a Magistrate Judge should be presented facts sufficient to show probable cause to believe evidence of criminal activity will be found in a particular location to be searched, <u>United States v. Salameh</u>, 152 F.3d 8, 112-13 (2d Cir. 1998).  The determination of probable cause for issuing a search warrant is based upon the totality of

circumstances, but the totality "must present the magistrate with '[s]ufficient information . . . to allow that official' to make the necessary determinations; 'his action cannot be a mere ratification of the bare conclusions of others.' Illinois v. Gates, 462 U.S. [213,] 239 [(1983)]," United States v. Clark, 638 F.3d 89, 97 (2d Cir. 2011) (emphasis in original removed). The totality of circumstances includes the veracity and basis of knowledge of persons supplying hearsay information to the affiant applying for the warrant, Gates, supra, 462 U.S. at 238; United States v. Love, No. 10CR6116, 2012 U.S. Dist. LEXIS 67385, at *20 (W.D.N.Y. May 14, 2012) (Payson, Mag. J.). A Court reviewing a challenged warrant "'must accord considerable deference to the probable cause determination of the issuing magistrate,'" Clark, supra, 638 F.3d at 93 (quoting Walczyk v. Rio, 496 F.3d 139, 157 (2d Cir. 2007)).

Given the deference to be accorded to the initial probable cause determination and the totality of circumstances, there was sufficient probable cause to search the upper apartment. The informants Shaver now challenges were thieves who brought their stolen goods to 1160 North Goodman. At least one of these informants was corroborated by agents from their information in prior investigations (e.g., Docket No. 130, Ex. A, McElhenny Aff. ¶ 15). The number of these informants goes beyond reliance upon a single individual of questionable credibility. Codefendant Combs gave the layout of 1160 North Goodman, indicating what was in the upper floor of that building (id. ¶ 23) and the use of the upper office as the hub of Vendetti's operations (id. ¶¶ 40, 38). Shaver's motion to suppress based upon the absence of probable cause should be **denied**.

III.    Leon Good Faith

The Government, however, almost concedes that the warrant is invalid and falls back upon good faith reliance upon that warrant by the agents under Leon. Therefore, the key argument is whether, despite the credibility issues raised surrounding these informants, could the FBI agents rely upon an otherwise facially valid search warrant. Under Leon, there is an exception to the exclusionary rule where there is "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant," 468 U.S. at 922, to avoid penalizing the police officer or agent "for the magistrate's error," id. at 921; see Clark, supra, 638 F.3d at 99-100. The burden is on the Government to demonstrate the objective reasonableness of the officers' good faith reliance on a invalidated warrant, Clark, supra, 638 F.3d at 100 (quoting United States v. George, 975 F.2d 72, 77 (2d Cir. 1992); United States v. Santa, 180 F.3d 20, 25 (2d Cir. 1999)), but most searches conducted pursuant to a warrant "likely fall within its protection," Clark, supra, 638 F.2d at 100.

Leon recognizes four instances when the presumption of reasonableness would not apply, where the issuing magistrate was knowingly misled; where the magistrate "wholly abandoned his or her judicial role"; where the application is "so lacking in indicia of probable cause as to render reliance upon it unreasonable"; and where the warrant was so facially deficient that reliance upon it would be unreasonable, United States v. Moore, 968 F.2d 216, 222 (2d Cir. 1992); Clark, supra, 638 F.3d at 100.

Here, there only indication that Magistrate Judge McCarthy may have been mislead is the credibility of the informants (including one codefendant) presented in support of the search warrant. That same ground could be used to show that the application lacked indicia of probable

6

cause to render reliance upon it unreasonable. There is no assertion that Magistrate Judge McCarthy wholly abandoned his judicial role, see also Clark, supra, 638 F.3d at 100 (construing abandonment of judicial role), or that the warrant was so facially deficient (that is, failing to particularize the place to be searched or items seized, id., at 101, quoting Leon, supra, 468 U.S. at 923) that reliance would be unreasonable.

As for being possibly misled, Shaver does not show (despite the credibility dispute she has with the informants and at least one codefendant) how Magistrate Judge McCarthy was misled.

As for the ground of the indicia of probable cause, the Second Circuit in Clark found that the warrant application there went beyond bare bones assertions, but only asserted control of the premises in a conclusory manner where the premises to be searched was a multi-unit property, 638 F.3d at 103-05. But, as found above, there are indicia of probable cause for this warrant, despite the credibility issues surrounding the informants.

## CONCLUSION

Based upon the above, it is recommended that so much of defendant Dayon Shaver's motion (Docket No. 130) to suppress the fruits of a November 2, 2010, search of the upper apartment at 1160 North Goodman Street, Rochester, New York (id., Def. Atty. Affirm. ¶¶ 25-41) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Cr. P. 59(b) (2) (effective December 1, 2009) and W.D.N.Y. Local Criminal Rule 58.2(a) (3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 58.2(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 12, 2012