**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

DAYON SHAVER

                Petitioner,

v.                                           10-CR-0360-A
                                                    17-CV-0298-A

UNITED STATES OF AMERICA,     **DECISION AND ORDER**

                Respondent.

_____

Petitioner Dayon Shaver seeks relief pursuant to 28 U.S.C. § 2255. For the reasons stated below, Petitioner's motion is denied.

## BACKGROUND

On November 19, 2015, Petitioner pled guilty to one count of conspiracy to transmit, transport, and transfer stolen property in interstate commerce, in violation of 18 U.S.C. § 371. Several months later, the Court sentenced Petitioner principally to 46 months' imprisonment and ordered her to pay $351,261.72 in restitution. Judgment was entered on March 31, 2016. Petitioner did not file a notice of appeal.

Petitioner now seeks to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Docket No. 648. Petitioner makes a number of conclusory claims for relief. Those claims, however, fall into two categories: (1) claims that her attorney was ineffective "for failing to raise alleged sentencing errors," *id.* at 1; and (2) claims related to restitution. *Id.* at 1-2; Docket No. 666.[1]

---

[1] Petitioner's motion to amend her § 2255 motion (Docket No. 666) is granted.

1

**DISCUSSION**

1. **Petitioner's claims regarding "alleged sentencing errors"**

Petitioner's claims regarding alleged errors in her Sentencing Guidelines calculation are barred by the collateral-attack waiver in Petitioner's plea agreement. In her plea agreement, Petitioner "knowingly waive[d] the right to . . . collaterally attack any component of a sentence imposed by the Court which falls within or is less than" a Guidelines imprisonment range of 37 to 46 months, "notwithstanding the manner in which the Court determines the sentence." Docket No. 516 ¶¶ 13(a), 19. At sentencing, the Court found that the Guidelines imprisonment range was 46 to 57 months and sentenced Petitioner to 46 months' imprisonment—that is, a term of imprisonment within the scope of the collateral-attack waiver.

A collateral-attack waiver is "'presumpti[vely] . . . enforceabl[e]." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (quoting *United States v. Gomez-Perez*, 215 F.3d 315, 319 (2d. Cir 2000)) (brackets omitted). As a result, a court may disregard a collateral-attack waiver in only a few circumstances, "'such as (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of the judicial responsibility subject to mandamus.'" *Id.* Petitioner has not alleged that the collateral-attack waiver in her plea agreement is unenforceable for these or any other reasons.

Because Petitioner is proceeding *pro se*, the Court must read her pleadings "to suggest the strongest arguments that can be made" for ignoring the collateral-attack waiver. *Weixel v. Board of Ed. of City of New York*, 287 F.3d 138, 141 (2d Cir. 2002). Even when reviewed in a charitable light, however, no such argument is apparent from the record. Indeed, the transcript of Petitioner's plea hearing shows, quite clearly, that Petitioner knowingly, intelligently, and voluntarily entered into the plea agreement, and that she understood each of its terms. *See* Docket No. 661.

Petitioner's sentencing-related claims are therefore denied.

### 2. Petitioner's claims regarding restitution

In the plea agreement, the parties agreed that Petitioner would be required to pay $351,261.72 in restitution. The Presentence Investigation Report, however, recommended that the correct restitution amount was $671,183.25. The Court used the higher figure to calculate Petitioner's base offense level but ordered Petitioner to pay only the agreed-to amount of $ 351,261.72 in restitution. Although she was ordered to pay only the lower, agreed-to restitution amount, Petitioner makes a number of claims related to restitution.

"Restitution orders cannot be challenged through a habeas petition because 'a monetary fine is not a sufficient restraint on liberty to meet the "in custody" requirement'" of § 2255 "'even if raised in conjunction with a challenge to a sentence of imprisonment.'" *United States v. Boyd*, 407 F. App'x 559, 560 (2d Cir. 2011) (quoting *Kaminski v. United States*, 339 F.3d 84, 97-98 (2d Cir. 2003)). Petitioner's challenges to the Court's restitution order are, therefore, not cognizable on a habeas motion.

Again, however, because Petitioner is proceeding *pro se*, the Court must read her pleadings to suggest the strongest arguments that can be made for reviewing Petitioner's restitution-related claims. The only apparent argument is that the Second Circuit has "not yet foreclosed the possibility that a restitution order might entail a sufficiently severe restraint on liberty, not shared by the public at large, as to amount to a form of custody.'" *Gonzalez v. United States*, 792 F.3d 232, 237 (2d Cir. 2015) (quoting *Kaminski*, 339 F.3d at 87).

There is no question that Petitioner's restitution order is large, but she has not shown that the restitution amount "entail[s]" such a "severe restraint on liberty" that it is the equivalent of "custody"—particularly in light of the Second Circuit's admonition that such cases "will likely be . . . rare." *Gonzalez*, 792 F.3d at 237. Indeed, the Second Circuit has held that a restitution order limited "to payment on a monthly basis of the greater of ten percent of [a habeas petitioner's] monthly income or $100[] plainly does not come close to" being a "restraint on liberty." *Kaminski*, 339 F.3d at 87. Here, the Court ordered Petitioner to make restitution payments "at the rate of 10% of [her] monthly gross income" while she is on supervised release. Docket No. 572 (Judgment) at 6. And while she is incarcerated, Petitioner must make payments of either $25 per quarter or 50% of her monthly inmate pay, depending on certain designations from the Bureau of Prisons. *Id.* These are not unduly harsh payment terms. Petitioner has, therefore, not shown that the Court's restitution order is a "sufficiently severe restraint on liberty" as to be cognizable on § 2255 review.

Petitioner's restitution-related claims are therefore denied for lack of jurisdiction.

## CONCLUSION

For the reasons stated above, Petitioner's § 2255 petition (Docket No. 648) is denied. Further, pursuant to 28 U.S.C. § 2253(c)(1) and Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right.

Finally, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from this decision would not be taken in good faith. Thus, leave to appeal *in forma pauperis* is denied. Petitioner is nonetheless advised that, should she decide to appeal this Decision and Order, "Federal Rule of Appellate Procedure 4(a) governs the time to appeal," and "[a] timely notice of appeal must be filed even" though the Court declined to issue a certificate of appealability. Section 2255 Rule 11(b).

The Clerk of the Court shall take all steps necessary to close the parallel civil action, 17-CV-0298-A.

**SO ORDERED.**

Dated: August 17, 2017            _____*s/Richard J. Arcara*_____
    Buffalo, New York            HONORABLE RICHARD J. ARCARA
                                      UNITED STATES DISTRICT JUDGE