**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

DAYON SHAVER

                Petitioner,

      v.
                                                    10-CR-0360-A

UNITED STATES OF AMERICA,            **DECISION AND ORDER**

                Respondent.
_____

On August 17, 2017, the Court denied Petitioner's motion to vacate or correct her sentence pursuant to 28 U.S.C. § 2255. *See* Docket No. 674. The Court also denied a certificate of appealability, as did the Second Circuit. *See* Docket No. 697.

Petitioner has since filed a motion to "vacate her sentence and allow time served." Docket No. 705. Petitioner claims that her conviction should be vacated because her plea hearing did not comply with Federal Rule of Criminal Procedure 11 and because her Sentencing Guidelines calculation was erroneous. Although Petitioner's motion does not rely on § 2255, the Court construes it as a § 2255 motion because it seeks to vacate Petitioner's conviction and sentence.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the ability of federal prisoners to file "second or successive" habeas petitions by requiring prisoners to obtain authorization from the appropriate Court of Appeals before doing so. *See* 28 U.S.C. § 2255(h). Two § 2255 motions are not "successive" for purposes of § 2255(h)

---

[1] Because Petitioner's prior § 2255 motion has already triggered the gatekeeping requirements of 28 U.S.C. § 2244, no purpose would be served by first informing Petitioner of the Court's intention to construe her motion as a § 2255 motion. *See Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004). The Court therefore declines to do.

1

"merely because they are both brought by the same prisoner. Rather, to be considered 'successive,' a prisoner's second [motion] must, in a broad sense, represent a second attack by federal habeas petition on the same conviction." *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003).

Petitioner's new § 2255 motion is plainly "second or successive," as it attempts to collaterally attack the same conviction and sentence at issue in Petitioner's first § 2255 motion. Thus, before this Court may consider the merits of Petitioner's new § 2255 motion, she must first move in the Second Circuit for "an order authorizing [this] court to" do so. 28 U.S.C. § 2244(b)(3)(A). Pursuant to 28 U.S.C. § 1631, the Court finds that it is in the interest of justice to transfer Petitioner's motion to vacate (Docket No. 705) to the Second Circuit so that that court may consider whether Petitioner has satisfied the requirements of 28 U.S.C. § 2244. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996).

## CONCLUSION

The Court finds that Petitioner's motion to vacate (Docket No. 705) is a second-or-successive § 2255 motion within the meaning of 28 U.S.C. § 2255(h). The Clerk of the Court is directed to transfer Docket No. 705 to the Clerk of the U.S. Court of Appeals for the Second Circuit.

**SO ORDERED.**

Dated: August 13, 2018　　　　　　　　　　　　　*s/Richard J. Arcara*
　　Buffalo, New York　　　　　　　　　　　　HONORABLE RICHARD J. ARCARA
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE