**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

                                                         **ORDER**
v.                                 10-CR-360-A

DAYON SHAVER,

                Defendant.
_____

The defendant, Dayon Shaver, is a sentenced prisoner who has filed a *pro se* motion requesting that the Court order the Bureau of Prisons ("BOP") to place her on home confinement on May 14, 2019. For the reason stated below, the motion is denied.

Congress has given the power over the location and conditions of a convicted person's incarceration to the BOP. *See* 18 U.S.C § 3621; *Levine v. Apker*, 455 F.3d 71, 83 (2d Cir. 2006). "A sentencing court has no authority to order that a convicted defendant be confined in a particular facility." *United States v. Williams*, 65 F.3d 301, 307 (2d Cir. 1995) (citing 18 U.S.C. § 3621(b)). The Court lacks the authority to order BOP to place defendant Shaver on home confinement.

Generally, pursuant to 18 U.S.C. § 3582(c), a "court may not modify a term of imprisonment once it has been imposed except" in several limited circumstances, such as a relevant amendment to the Guidelines or a motion from the Director of the Bureau of Prisons. Defendant Shaver does not identify any § 3582(c) exception that might apply in this case, nor is any apparent. The defendant's motion must be denied if it is construed as a motion under § 3582(c).

1

Finally, Fed. R. Crim. P. 36 authorizes a court to correct clerical errors in a Judgment, not to change the sentence. *United States v. Werber*, 51 F.3d 342, 343 (2d Cir. 1995); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature."). By asking to have her sentence "amended" so that she is guaranteed to serve a portion in community confinement, defendant Shaver moves to change her sentence. But the Court also lacks authority under Rule 36 to grant the relief she seeks. For all of the above reasons, her motion, Dkt. No. 710, is denied.

**IT IS SO ORDERED.**

                                                ___*Richard J. Arcara*_____
                                                HONORABLE RICHARD J. ARCARA
                                                UNITED STATES DISTRICT JUDGE

Dated: October 31, 2018